UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RICHARD CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-281-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND** |
| Respondent. | ) | **ORDER** |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Petitioner Richard Cruz is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Cruz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. [R. 5.] The matter is fully briefed. Having reviewed the submissions of the parties, the Court will deny relief because 18 U.S.C. § 3585(b) prevents the BOP from awarding Cruz "double credit" against his federal sentence for time already credited towards his Texas sentence, and because a *nunc pro tunc* designation under *Barden* is not available where 18 U.S.C. § 3584(a) requires the federal sentence to be served consecutively.

**I.**

After serving a portion of a fifteen-year sentence under a Texas conviction for burglary, on November 9, 1990, Texas released Cruz to parole. On November 18, 1991, in Houston, Texas, Cruz sold a shotgun to an undercover officer of the Bureau of Alcohol, Tobacco and Firearms. On August 19, 1992, a federal grand jury in the Southern District of Texas indicted him for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Because

Cruz had three prior felony convictions, his sentence was subject to enhancement under 18 U.S.C. § 924(e)(1) and U.S.S.G. 4B1.4. *United States v. Cruz*, No. 94-20156, 1995 WL 71365, at *1-2 (5th Cir. Jan. 31, 1995); Brief of Plaintiff-Appellee at 8-10, 1994 WL 16066680 at *4-6. On April 16, 1993, Texas authorities arrested Cruz for assault. On May 6, 1993, Texas issued a parole violator warrant, and on July 14, 1993, revoked his parole for committing new criminal conduct, resulting in his return to a Texas prison to resume service of his prior conviction for burglary.

On July 20, 1993, the federal court issued a writ of habeas corpus ad prosequendum, and on August 3, 1993, federal marshals took Cruz into federal custody on loan from Texas authorities. After the first prosecution ended in a mistrial, a second trial resulted in a conviction under Section 922(g) on November 30, 1993. On February 18, 1994, the trial court sentenced Cruz to a 235-month term of incarceration. Although Cruz was subject to the pre-existing Texas sentence, the judgment was silent as to whether the federal sentence was to run concurrently with or consecutively to the state sentence. [R. 11 Att. 3 at 2.]

After sentencing, on March 3, 1994, the United States Marshals Service mistakenly asked the Bureau of Prisons to designate a federal facility for Cruz to commence service of his sentence, notwithstanding the fact that Cruz was on loan from Texas authorities pursuant to the writ. The BOP complied, and on May 5, 1994, federal marshals delivered Cruz to the federal correctional institution in Estill, South Carolina. During a routine initial review of records, however, prison staff promptly recognized the mistake, and returned Cruz to Texas corrections officials on July 1, 1994. Cruz remained continuously in federal custody on loan from Texas pursuant to the writ from August 3, 1993, to July 1, 1994.

2

In calculating service credit against his state sentence, Texas corrections officials credited Cruz with time spent in custody from May 6, 1993, the date when his parole violator warrant was issued, until the date of his release from state custody, on June 5, 1996. On that date, Texas turned Cruz over to United States marshals pursuant to a federal detainer. The BOP commenced Cruz's sentence on June 5, 1996, with two days of pre-custody credit for April 16-17, 1993. [R. 11 Att. 1 at 3-4.]

In his petition, Cruz requests credit against his federal sentence for all of the time he spent in federal custody following his indictment by federal authorities[1] under the authority of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). [R. 2 at 6.] Cruz further requests credit against his federal sentence for time spent in state prison after the date his federal sentence was imposed,[2] under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) and this Court's decision in *Baker v. Stine*, No. 6: 07-40-DCR, 2007 WL 1875659 (E.D. Ky. June 28, 2007). Documents attached to the petition indicate that the BOP has denied his requests for administrative relief, citing 18 U.S.C. § 3585(b) as precluding *Willis* credits under the circumstances, and declining to apply a *nunc pro tunc* designation under *Barden* in light of 18 U.S.C. § 3584(a). [R. 2 Exh. G.]

## II.

Calculation of a federal prisoner's sentence, including both its commencement date and

---

[1] While Cruz indicates in his petition that he was in federal custody from August 19, 1992, the date of his indictment on federal charges, to May 5, 1994, the date of his transfer to a federal prison following sentencing [R. 2 at 6], the respondent correctly indicates that he was not taken into federal custody pursuant to a writ until August 3, 1993, and remained in federal custody until he was returned to Texas corrections officials on July 1, 1994. [R. 11 at 5.]

[2] Although Cruz asserts that his federal sentence was imposed on May 5, 1994, the respondent notes that Cruz was sentenced on February 18, 1994. [R. 11 at 3.]

3

any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28. Apart from Cruz's premature and brief incarceration at FCI-Estill from May 5, 1994, to July 1, 1994, Cruz began service of his federal sentence on June 5, 1996.

Cruz first seeks presentence credit for the time period he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, from August 3, 1993, to July 1, 1994, under the authority of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Pursuant to Section 3585(a), Cruz's sentence commenced when he was received into federal custody on June 6, 1996. Because he seeks sentencing credit for a time period before this date, its availability is governed by Section 3585(b). That section, however, permits federal credit for a time period only if it "has not been credited against another sentence." Because Texas credited the entirety of this time period against his state sentence, the literal terms of Section 3585(b) preclude Cruz from receiving "double credit" for this time. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Notwithstanding the express terms of the statute, by administrative regulation the BOP

4

does permit "*Willis* time credits," an exception to the prohibition against "double counting," in one circumstance. Where a prisoner is subject to a federal sentence and a state sentence that run concurrently, and the federal sentence will run longer than the state sentence, the BOP will credit the prisoner's sentence with any time spent in non-federal presentence custody that began after the federal offense is committed, up until the prisoner began service of either the federal or non-federal sentence. Program Statement 5880.28; *Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993). In *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the Fifth Circuit explained that unless such credit is awarded, the prisoner will not receive credit for time spent in state custody because of the longer federal sentence. *Id*. at 925.[3]

The circumstances of Cruz's incarceration simply fall outside the class of cases to which *Willis* credits are intended to apply. First, Cruz's federal and state sentences were not running concurrently. 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the February 18, 1994 judgment and commitment order entered by the Southern District of Texas was silent on the matter, Section 3584(a) requires the BOP to treat the federal sentence as running consecutively to Cruz's pre-existing Texas sentence. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010); *United States v. Fifield*, 432 F.3d 1056, 1065-66 (9th Cir. 2005).

Second, Cruz seeks credit against his federal sentence from August 3, 1993 to July 1,

---

[3] *Willis* was decided under Section 3585(b)'s predecessor statute, 18 U.S.C. § 3568, which required presentence credit for time "spent in custody *in connection with* the (federal) offense," language perhaps broader than Section 3585(b)'s current standard, which permits such credit only for time "spent in official detention ... *as a result of* the offense ... " Notwithstanding the change in statutory language, the BOP's Program Statement appears to assume the continued viability of *Willis* time credits..

5

1994, time he spent in *federal* custody *after* his state sentence was imposed. However, *Willis* credits are only available for time spent in *non-federal* presentence custody *before* a state sentence is imposed. Program Statement 5880.28 Ch. 3(c)(1)(b); *Willis*, 438 F.2d at 425. Because Cruz has received credit against his state sentence for this time, the concerns articulated in *Willis* are not present, and no further credit is warranted.

In his Reply, Cruz abandons his original argument and raises an entirely new one: that he should receive *Willis* time credits for the 88-day time period he spent in Harris County Jail following his arrest for assault on April 16, 1993 until Texas revoked his parole on July 14, 1993. [R. 14 at 2.] While this argument cures the second of the two deficiencies identified by the respondent, the first remains. The concerns present in *Willis* are simply not implicated where the state and federal sentences are to run consecutively, because the state's award of presentence credit against the state sentence is not rendered meaningless where the federal sentence is running consecutively to, rather than concurrently with, the state sentence. *Dillard v. Wilson*, No. 6: 10-CV-134, 2010 WL 3245399, at *3-4 (E.D. Ky. Aug. 17, 2010) (*Willis* credits not available to prisoner serving consecutive federal sentence). Because Texas has already credited this time against his state parole revocation sentence, federal credit for this time is precluded by Section 3585(b)'s prohibition against double counting.

Relying on *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), Cruz also requests that the BOP be required to designate the Texas state prison where he served his state sentence as the place of his confinement for service of his federal sentence, *nunc pro tunc* to February 18, 1994, the date his federal sentence was imposed. However, petitioner's reliance upon *Barden* is misplaced. In *Barden*, the Third Circuit held that the BOP has the discretion to retroactively

6

designate a state prison as the place of a prisoner's confinement to serve a federal sentence under 18 U.S.C. § 3621(b) in order to give practical effect to a state court's otherwise unenforceable order that its criminal judgment should run concurrently with a previously imposed federal sentence. *Id*. at 478, 481-83.

In the present case, the state and federal sentences were to be served consecutively, pursuant to 18 U.S.C. § 3584(a), rather than concurrently. Furthermore, the federal criminal judgment was entered after the state court judgment, rather than before. Under such circumstances, there is simply no concern that a state court with primary jurisdiction over the prisoner will have its expressed intention, that its sentence run concurrently with a prior federal sentence, unexpectedly frustrated through operation of 18 U.S.C. § 3585(a). *Sims v. United States of America*, No. 0:08-cv-43-HRW (E.D. Ky. 2008) (slip op. of September 21, 2009, at 7) ("while the state court possesses the authority to order the state sentence to run concurrently with the existing federal sentence, it has no power to thereby cause the federal sentence to commence until the state sentence has expired."). Here, the statutorily presumed intention for consecutive sentencing expressed in Section 3584(a) must control, and a retroactive designation under *Barden* would undermine, rather than further, that intention. Cruz's second argument, therefore, likewise fails to provide a basis for relief.

Accordingly, **IT IS ORDERED** as follows:

1. Cruz's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 1st day of April, 2011.

